UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
    GERALD HENNEGHAN                  )    Case No. 05-15853-SSM
                                      )    Chapter 13
                Debtor                )

**MEMORANDUM OPINION**

This matter is before the court on (a) the order of November 10, 2005, for the debtor to show cause why this case should not be dismissed with prejudice, or other sanctions imposed, for filing the present case when he was ineligible to do so; and (b) the debtor's emailed request for a continuance of the hearing. For the reasons stated, the request for continuance will be denied, and the debtor's case will be dismissed with prejudice to refiling for a period of 90 days plus the remaining period of ineligibility, on the day he filed this case, from the dismissal of his prior case.

Background

The debtor, Gerald Henneghan, filed a petition for relief under chapter 13 of the Bankruptcy Code in this court on November 2, 2005. This was his seventh bankruptcy filing in as many years, and his fourth in this court since 2001. His most recent prior case, *In re Gerald Henneghan*, No. 05-10550-SSM (Bankr. E.D. Va.) was filed on February 17, 2005, as a chapter 7 case. The case was converted to chapter 13 on April 7, 2005. After the chapter 13 trustee filed a motion to dismiss the case with prejudice, the debtor filed his own motion for a voluntary dismissal. The court granted the debtor's motion, but noted that because the voluntary dismissal

1

was being taken after a motion for relief from the automatic stay had been filed, the debtor was ineligible under Section 109(g)(2) of the Bankruptcy Code to file another petition for 180 days from the date of dismissal. The order granting the motion for voluntary dismissal was captioned "ORDER DISMISSING CASE WITH PREJUDICE TO REFILING FOR 180 DAYS" and expressly provided:

> The debtor's motion for voluntary dismissal is granted and this case is dismissed with prejudice to refiling under any chapter of the Bankruptcy Code in this or any other court for a period of 180 days from the entry of this order. No automatic stay shall arise from any attempted filing during such period.

Order of June 9, 2005. The present case, as noted, was commenced on November 2, 2005, only 146 days after the dismissal of the prior case. Because the filing contravened the express terms of the order dismissing the prior case, the court issued a show cause order which was made returnable to November 23, 2005 (the day prior to Thanksgiving). Mr. Henneghan sent an email message to chambers on that date stating that he would not be present because he needed to pick up his children at school due to early closing for Thanksgiving and requesting that the hearing be continued.

Discussion

I.

As an initial matter, the court must determine whether to grant the request for a continuance. The Fourth Circuit has explained that the decision to grant or deny a motion for continuance lies within the sound discretion of the trial court. *United States v. Colon*, 975 F.2d 128, 130 (4th Cir 1992). At the same time, the Court has cautioned, "[w]hile timely resolutions

of disputes are important, there cannot be an unreasoning and arbitrary insistence on expeditiousness in the face of a justifiable request for delay." *Id.*

In this case, considerable mischief arises simply from the pendency of a case that should not, under the controlling law, have been filed. Even though the dismissal order expressly provided that no automatic stay would arise from any attempted filing during the 180-day period of ineligibility, creditors in the present case may or may not be aware of that provision and may erroneously believe themselves subject to the automatic stay. The request for a continuance in this case was made at the last minute and was predicated on an event—the early closing of school on the day prior to Thanksgiving—which in the nature of things would not be an unexpected occurrence. While the court is aware that Mr. Henneghan is a single parent of three children, the court finds it difficult to believe that he could not arrange for someone else to pick up the children while he came to court.[1] After all, it is Mr. Henneghan who has voluntarily come into this court seeking protection from his creditors: it is his responsibility to make appropriate arrangements to appear before the court in the administration of his case. Of course, true emergencies will sometimes arise, and a court must make reasonable allowances for them. But the court is unable to conclude that this was a true emergency. Accordingly, the request for a continuance will be denied.

II.

The debtor has filed a written response to the order to show cause in which he takes the position that the 180-day period of ineligibility should be measured from March 11, 2005, rather

---

[1] Indeed, he might simply have asked that his case be passed to the end of the docket and might have brought the children to court, as he has in the past.

than from June 9, 2005. This is so, he says, because copies of credit reports he received from several credit reporting agencies report his prior case as having been dismissed on March 11, 2005. It is true that the case was dismissed by the clerk on that date for failure to comply with filing requirements. However, as Mr. Henneghan very well knows, the dismissal order was vacated on March 18, 2005, thereby reinstating the case on the docket. The case remained active for another three months until it was dismissed on June 9, 2005, which is the date of dismissal shown on the court's docket sheet. The dismissal order, moreover, was quite specific on this point: it stated that the case was dismissed with prejudice to refiling "for a period of 180 days *from the entry of this order*." (emphasis added). This is entirely consistent with the controlling statute, which provides in relevant part,

> (g) Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor *in a case pending under this title at any time in the preceding 180 days* if –
> \* \* \*
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

§ 109(g)(2), Bankruptcy Code (emphasis added). There is no question that the debtor's case was "pending" under the Bankruptcy Code until entry of the dismissal order on June 9th. Accordingly, the plain terms of the statute rendered the debtor ineligible to be a debtor when he filed the petition commencing the present case.

The debtor, however, seems to take the position that this court is bound by the date of dismissal shown on the credit reports. Specifically, he asserts that his petition was permitted because it "was filed more than 180 days *after the court publicly reports* debtor Henneghan's previously filed bankruptcy petition." Response ¶ 12. The short answer to this argument is that

4

the court's official records report the date of dismissal as June 9, 2005.  Second, the court does not make *any* reports to credit reporting agencies.  Rather, such agencies perform their own review of the court's public records and extract and summarize information from them.  Any characterization of the actions taken in the case represent the credit reporting agency's own interpretation of the court's records.  That interpretation cannot bind the court or otherwise substitute for the court's official record.

III.

Although the present case must be dismissed,[2] the question remains whether dismissal with prejudice or other sanctions are appropriate.  Notwithstanding the debtor's attempt in his response to justify the present filing, the court believes its prior order was crystal clear and that Mr. Henneghan—who is certainly no stranger to bankruptcy proceedings—knew very well that he was ineligible to file, and that he did so only to hinder or delay his creditors.  Accordingly, the court concludes that at least some additional period of ineligibility is appropriate in order to deter Mr. Henneghan from future improper filings.  Additionally, Mr. Henneghan should not be allowed to profit from the fact that the pendency of the present unauthorized filing has nearly run out the remaining period of ineligibility from the dismissal of his prior case.  For that reason, the court concludes that the present case should be dismissed with prejudice to refiling for a period measured by the remaining period of ineligibility (34 days) at the time he filed the present case plus an additional 90 days, for a total of 124 days.

---

[2] Indeed, were the present case not dismissed by the court because of the debtor's ineligibility, it would have independently been dismissed by the clerk for failure to pay a filing fee due from a prior case.

IV.

Two additional points require only brief comment. First, the debtor, on the day prior to the scheduled hearing, filed—but without paying the required filing fee—an appeal of the order to show cause. As a general proposition, the filing of a notice of appeal divests the lower court of jurisdiction to conduct further proceedings with respect to the matter being appealed. An order to show cause, however, is not a substantive order: it alters no rights and creates no liabilities and simply affords the party against whom it is entered an opportunity to appear. As such, it is highly doubtful that an order to show cause (as opposed to orders entered as a result of the show cause hearing) can ever be the subject of an appeal. The court accordingly concludes that it has jurisdiction to conduct the show cause hearing and to dismiss the case notwithstanding the notice of appeal.[3]

Second, the debtor should be aware that two amendments to the Bankruptcy Code made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 (April 20, 2005), affect repeat filings. If, at the time a new case is filed, the debtor has had one prior case dismissed within the previous year, the automatic stay terminates after 30 days. § 362(c)(3), Bankruptcy Code. Additionally, if the debtor has had *two* cases dismissed in the previous year, *no* automatic stay arises. § 363(c)(4). Accordingly, any filing by the debtor before June 9, 2006, will not give rise to an automatic stay unless the court expressly imposes a stay based on an affirmative finding that the case was filed in good faith. § 362(c)(4)(B), Bankruptcy Code.

---

[3] The order denying the request for continuance and dismissing the case is of course a final order and may be appealed to the United States District Court for the Eastern District of Virginia under 28 U.S.C. § 158(a).

A separate order will be entered consistent with this opinion denying the request for continuance and dismissing this case with prejudice to refiling for a period of 124 days.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

Copies to:

Gerald Henneghan
10102 Parkington Court
Manassas, VA 20109
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

Frank Bove, Esquire
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314